# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | CIVIL ACTION NO. 1:10-CR-0267 |
| | : | |
| v. | : | (Chief Judge Conner) |
| | : | |
| **NGAI ERIC HICKMAN,** | : | |
| | : | |
| Petitioner | : | |

## ORDER

AND NOW, this 10th day of March, 2015, upon consideration of the motion (Doc. 67) of Ngai Eric Hickman ("Hickman") to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, wherein Hickman contends that the court incorrectly classified him at sentencing as a career offender under U.S.S.G. § 4B1.1, and that without such a classification Hickman would become eligible for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the U.S.

Sentencing Guidelines,[1] and observing that a motion under § 2255 must be filed within one year of the latest of (1) the date on which the judgment of conviction becomes final, (2) the date on which an impediment to the motion created by governmental action is removed, (3) the date on which the Supreme Court initially recognized a right made retroactively applicable to cases on collateral review, or (4) the date on which the facts supporting the motion could have been discovered through due diligence, 28 U.S.C. § 2255(f), and further observing that Hickman does not allege that the government prevented him from timely filing his motion, that the Supreme Court made a right retroactively applicable in a manner that delayed the

---

[1] On August 3, 2010, the President signed into law the Fair Sentencing Act of 2010, which reduced mandatory minimum sentences previously based on a 100-to-1 disparity between crack and powder cocaine. On November 1, 2010, the U.S. Sentencing Commission promulgated an amendment to the Sentencing Guidelines lowering the guideline range for crack cocaine offenses. On June 30, 2011, the Sentencing Commission promulgated Amendment 750 to U.S.S.G. § 1B1.10, which authorizes a court to reduce a previously imposed term of imprisonment for crack cocaine offenses pursuant to 18 U.S.C. § 3582(c)(2). 18 U.S.C. § 3582(c)(2) provides that "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , upon motion of the defendant . . . the court may reduce the term of imprisonment . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Both Amendment 750 and an additional amendment that made Amendment 750 retroactive became effective on November 1, 2011.

To the extent that Hickman's petition may be construed as a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750, the court will deny the same. As the court explained in its previous orders (Doc. 64; Doc. 68), Hickman's total offense level was based on his classification as a career offender under U.S.S.G § 4B1.1 rather than on drug weights and corresponding offense levels under U.S.S.G. § 2D1.1. Hence, Amendment 750 does not affect Hickman's sentencing range, and Hickman is not eligible for a sentence reduction pursuant 18 U.S.C. § 3582(c)(2). See United States v. Ware, 694 F.3d 527, 531-34 (3d Cir. 2012); United States v. Mateo, 560 F.3d 152, 154-55 (3d Cir. 2009).

commencement of the limitations period,[2] or that any newly discovered facts trigger a different limitations period, and it appearing that the one-year limitations period applicable to Hickman's § 2255 motion began to run on May 21, 2011 when Hickman's judgment of conviction became final and expired on May 21, 2012,[3] but that Hickman filed the instant motion on July 1, 2014, and it further appearing that there is no basis to justify equitable tolling of the limitations period,[4] and the court therefore concluding that Hickman's § 2255 motion is untimely, and, as an additional basis for denial of Hickman's § 2255 motion,[5] the court noting that on November 22, 2010, Hickman entered a plea of guilty pursuant to a written plea

---

[2] The principal Supreme Court case on which Hickman relies in challenging his career offender status, Begay v. United States, 553 U.S. 137 (2008), was decided more than three years prior to Hickman's sentencing.

[3] The court sentenced Hickman on May 6, 2011, and Hickman did not file a notice of appeal with the Third Circuit. When a defendant does not appeal, his conviction and sentence become final on the date the defendant's time for filing an appeal expires. Kapral v. United States, 166 F.3d 565, 577 (3d Cir. 1999). Hickman's opportunity to file a timely notice of appeal expired on May 20, 2011. See FED. R. APP. P. 4(b)(1)(A)(i).

[4] Equitable tolling of the one-year statute of limitations is proper in exceptional cases. The limitations period for filing a § 2255 motion may be equitably tolled when a petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" that prevented timely filing. Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Hickman has offered no facts or arguments in his petition to justify equitable tolling in the instant matter (see Doc. 67-1 at 9 (explaining only that it has "come to [Hickman's] awareness" that he should not be classified as a career offender)), and the court is unaware of any basis on which to toll the limitations period. Assuming *arguendo* that the limitations period applicable to Hickman's § 2255 motion were tolled until Amendment 750 became retroactive on November 1, 2011, Hickman's motion remains untimely because he failed to file the motion within one year of that date.

[5] The court observes that when "it plainly appears from the motion . . . and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." R. GOVERNING § 2255 CASES R. 4(b).

3

agreement (see Doc. 25), and that under the plain terms of the plea agreement Hickman waived his "right to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under Title 28, United States Code, Section 2255" (id. ¶ 17), and finding that Hickman's collateral challenge to his career offender classification clearly falls within the scope of his appellate waiver, and further finding that Hickman's waiver was both knowing and voluntary and that enforcement of the waiver will not result in a miscarriage of justice, see United States v. Mabry, 536 F.3d 231, 237-38 (3d Cir. 2008) (holding that waivers of collateral appeal rights are enforceable so long as "they are entered into knowingly

and voluntarily and their enforcement does not work a miscarriage of justice"),[6] and the court concluding that the instant § 2255 motion is barred by the terms of

---

[6] Hickman does not contend that the appellate waiver in his plea agreement was entered into other than knowingly and voluntarily, or that enforcement of the waiver would constitute a miscarriage of justice. The record of prior proceedings establishes that Hickman was advised of—and iterated a full understanding of— each pertinent term in the agreement, including the waiver of appellate rights that precludes the court's review of the instant petition. (Nov. 22, 2010 Change of Plea Hr'g Tr. at 6:13-18 (stating that he read and fully understands the agreement); id. at 9:15-17 (stating that the government's summary of the plea agreement is accurate); id. at 9:18-20 (stating that no one promised him anything in connection with agreement); id. at 12:11-21 (noting understanding that the agreement remains binding even if the court does not agree with the sentencing recommendations or requests of counsel)). The court specifically advised Hickman of the broad scope of the appellate waver:

> Q: I'll note that it does say, it does say that you would have your appellate rights if for some reason the court sentenced you to something that would be above your guideline range. In other words, if I upwardly departed or I varied above the guideline range, then you would retain your appellate rights. But with that exception this appellate waiver is very broad in scope and essentially eliminates your opportunity to bring later proceedings if you're sentenced within the guideline range or below the guideline range. Do you understand that?
>
> A: Yes.
>
> Q: Do you have any questions of the court regarding anything that appears in this paragraph?
>
> A: No, Your Honor.

(Id. at 14:7-20). The court ultimately sentenced Hickman to a term of a imprisonment below the applicable guideline range. (See Doc. 56). At the change of plea hearing, Hickman did not waver in his desire to plead guilty after a full explanation of the appellate waiver's breadth and an opportunity to withdraw his plea. (Nov. 22, 2010 Change of Plea Hr'g Tr. at 14:21-23). Similarly, the written plea agreement itself evinces Hickman's review and understanding of its terms. (See Doc. 25 ¶ 17 (advising of meaning and breadth of appellate waiver); id. at 15 (acknowledging that he has "read this agreement and carefully reviewed every part of it with [his] attorney" and that he "fully understand[s] it and . . . voluntarily agree[s] to it")). The record unequivocally establishes that Hickman agreed, knowingly and voluntarily, to waive his appellate rights.

5

Hickman's plea agreement, it is hereby ORDERED that:

1. Hickman's motion (Doc. 67) to vacate, set aside, or correct sentence is DENIED to the extent that it is based on 28 U.S.C. § 2255 and is DENIED to the extent that it seeks a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 750 to the U.S. Sentencing Guidelines.[7]

2. A certificate of appealability is DENIED.  See R. Governing § 2255 Cases 11(a).

        /S/ Christopher C. Conner
        Christopher C. Conner, Chief Judge
        United States District Court
        Middle District of Pennsylvania

---

[7] On October 24, 2014, the court referred this matter to the Federal Public Defender's Office for the limited purpose of determining whether any sentence reduction may be warranted pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive application of Amendment 782 to the Sentencing Guidelines. (Doc. 75).  This order expresses no opinion on the potential application of Amendment 782 to Hickman's sentence.